IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   KRISTI CARLUCCI, | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| v. | ) | CIV-15- 1347-M |
| | ) | |
| 1.   SKULLS UNLIMITED | ) | REPRESENTATIVE ACTION |
|       INTERNATIONAL, INC., and | ) | |
| 2.   MUSEUM OF OSTEOLOGY, INC., | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|       Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Kristi Carlucci ("Carlucci"), on behalf of herself and other similarly situated individuals, hereby submits this Complaint against Defendants, Skulls Unlimited International, Inc. ("Skulls Unlimited) and Museum of Osteology, Inc. ("Museum") (collectively "Defendants"), on the following allegations:

### INTRODUCTION

1.    This is an action for violation of state and federal wage and hour laws by and on behalf of all former and current non-exempt employees of Defendants, referred to below as "Covered Employees." The Covered Employees include Plaintiff, her co-workers within Defendants' employ, who were all similarly denied overtime pay. Pursuant to Defendants' common policy, plan and/or practice, these employees have been classified by Defendants as hourly, non-exempt employees; required to work overtime hours, off the clock; and not paid for hours worked in excess of forty (40) hours per week.

1

2. In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by Defendants in similar hourly, non-exempt positions. "Covered Employees" excludes employees that Defendants properly classified and paid as exempt employees.

3. At all relevant times to this Complaint, Defendants have engaged in and continue to engage in a practice and policy of willfully failing and refusing to pay Covered Employees overtime compensation due and owing to Covered Employees in violation of federal and state law.

4. Defendants implemented and enforced unlawful policies and practices in violation of federal law, by failing and refusing to pay Covered Employees overtime pay for overtime worked, notwithstanding Covered Employees were not and are not exempt and are and have been entitled to payment for overtime pay.

5. Defendants maintained policies and practices whereby they failed to keep accurate time records and Covered Employees were not paid overtime pay. Instead, Defendants refused to pay Covered Employees and required Covered Employees to accept compensatory time in lieu of overtime payments, in violation of federal and state law. And, Defendants retaliated against Covered Employees who engaged in activity protected by federal law.

6. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), the Oklahoma Protection of Labor Act ("OPLA"), Okla. Stat. tit., 40

§ 160, *et seq.,* for Defendants failure to pay overtime wages to Plaintiff and similarly situated employees for all hours worked. Defendants actions were and are willful.

## JURISDICTION

7. Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1367. Plaintiff brings this representative action for herself and on behalf of others similarly situated pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

## PARTIES

8. Plaintiff resides in Grady County, Oklahoma. She was employed by Defendants from on or about December 12, 2011, through on or about June 12, 2015.

9. Defendants Skulls Unlimited International, Inc. and Museum of Osteology, Inc. are corporate entities registered to do business in Oklahoma County and regularly conduct business within the geographical area encompassed by the United States District Court for the Western District of Oklahoma.

## FACTS

10. Plaintiff was initially hired as a Museum Educator, but was given the title of Director of Education in or around 2012.

11. At all relevant times, Defendants classified Plaintiff as an hourly, non-exempt

employee (that is, as eligible for overtime).

12. At all relevant times, other Covered Employees were paid on an hourly basis, classified as non-exempt employees.

13. Per Defendants' policies, normal work hours for full-time employees is and was 8:00 o'clock a.m. to 5:00 o'clock p.m., Monday through Friday.

14. Despite this, throughout Plaintiff's employment, Plaintiff and other Covered Employees were regularly required to work through their meal breaks, as well as before and after the time Defendants' policies identified as normal work hours, including working on weekends, thereby requiring them to work over forty (40) hours per week, i.e., overtime hours.

15. Defendants maintained and, upon information and belief, continue to maintain a policy, which denies the payment of overtime, and instead requires employees to accept compensatory time in lieu of overtime payments.

16. More particularly, it is and was Defendants' policy that on occasions when employees work(ed) more than forty (40) hours in a week, employees are and were "given compensation time for every hour of overtime."

17. Defendants' "compensation time" policy provides:

> Compensation will be awarded when an employee is required to work beyond the scheduled 40 hour work week (i.e. weekends). Compensation time begins one hour after your normal schedule day ends. One hour of compensation time will be granted for every hour of overtime, with a maximum of 8 hours per day.

18. Defendants further maintained policies and practices whereby they failed to keep accurate time records and Plaintiff and other Covered Employees were not paid overtime pay. In fact, owner and President of Defendants, Jay Villemarette, made known that the reason no system of accurate timekeeping was in place was because it would record the fact that hourly employees worked over forty (40) hours per week and would require that he pay his employees overtime. Villemarette frequently stated he had no intention of ever paying overtime under any circumstances.

19. Further, Villamarette took retaliatory action against employees for voicing their opposition to Defendants' failure to pay overtime.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this action for violation of the FLSA on behalf of herself and members of the prospective class who worked for Defendants. Upon information and belief, such unlawful conduct is continuing to occur. Plaintiff brings her Complaint pursuant to 29 U.S.C. § 216(b). Plaintiff is a member of the prospective class she seeks to represent.

21. At all relevant times, Plaintiff and other Covered Employees are and have been similarly situated, have had substantially similar pay provisions, and have all been subject to Defendants' common decision, policy, plan and practice, under which Defendants have (a) willfully failed and refused to pay them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek, and (b) willfully failed to keep records required by the FLSA. The claims of Plaintiff stated herein are the same as those of other

Covered Employees.

22. The relief necessary to remedy Plaintiff's claims is the same as that necessary to remedy the claims of those other Covered Employees.

## RULE 23 CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all members of the following Class (the "OPLA" Class): All people residing in Oklahoma

All people residing in Oklahoma who were:

(a)   Employed by Defendants during the Class Period in hourly positions;
(b)   Classified as non-exempt from overtime laws; and
(c)   Subject to Skulls Unlimited's and the Museum's unlawful compensation policies of failing to pay overtime compensation for all hours worked in excess of forty hours per week.

Specifically excluded from this Class are Skulls Unlimited's and the Museum's employees properly classified as exempt.

24. Plaintiff does not know the exact size of the OPLA Class. However, Plaintiff believes there are numerous class members, such that joinder of all class members would be impracticable.

25. Plaintiff's claims are typical of the claims of the OPLA Class, and Plaintiff will fairly and adequately protect the interests of the OPLA Class. Plaintiff's interests are coincident with and not antagonistic to, those of the members of the OPLA Class. Plaintiff has retained competent counsel experienced in representative actions and employment litigation.

26. Common questions of law and fact exist with respect to the claims set out herein, including:

   a) Whether Defendants have had a common policy, plan and/or practice regarding the non-payment of wages, the non-payment of overtime, and the computation of overtime for its employees;

   b) Whether Plaintiff and the OPLA Class members have all be subject to Defendants' common policy, plan and/or practice regarding overtime pay;

   c) Whether Defendants engaged in conduct that violated the OPLA when Defendants failed to pay for overtime hours worked by Plaintiff and the OPLA Class members;

   d) Whether Defendants' unlawful conduct cause injury to Plaintiff and the OPLA Class members, and, if so, the appropriate measure of damages for each of the Classes;

   e) Whether the Plaintiff and the OPLA Class members should be awarded liquidated damages under Oklahoma state law.

27. These questions, and other questions of law and fact, are common to the OPLA Class and predominate over any questions affecting only individual class members, including legal and factual issues relating to liability and damages.

28. Class action treatment is a superior method for the fair and efficient adjudication of this controversy because:

      a)    It will avoid multiplicity of suits and consequent burden on the courts and Defendant;

      b)    It would be virtually impossible for all members of the OPLA Class to intervene as parties-plaintiff in this action;

      c)    It will allow numerous individuals with claims too small to adjudicate on an individual basis because of the prohibitive cost of this litigation, to obtain redress for their economic injuries; and

      d)    It will provide court oversight of the claims process, once Defendants' liability is adjudicated.

29.    Adequate notice to the members of the OPLA Class is possible under Rule 23(b)(3).

## COUNT I: FLSA OVERTIME VIOLATIONS AND RETALIATION

30.    The foregoing paragraphs, 1 through 29, and their respective subparagraphs, are incorporated by reference as though set out in full.

31.    At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and continue to employ Covered Employees as "employee[s]" within the meaning of the FLSA. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

32.    At all relevant times, Plaintiff was not exempt from the overtime wage

provisions of the FLSA.

33. Throughout the statute of limitations period covered by these claims, Plaintiff and other FLSA Covered Employees regularly worked in excess of forty (40) hours per workweek. Some of the FLSA Covered Employees continue to do so.

34. At all relevant times, Defendants have had, and continue to operate under a common policy, plan and/or practice, under which it has willfully failed and refused to pay the FLSA Covered Employees at time-and-a-half rates for hours in excess of forty (40) hours per workweek, and under which it has willfully failed to keep records required by the FLSA, even though the FLSA Covered Employees have been and are entitled to overtime.

35. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Covered Employees at the required overtime rates for hours worked in excess of forty (40) hours per week.

36. Moreover, when Plaintiff and other FLSA Covered employees engaged in protected opposition to Defendants unlawful compensation practices, Defendants took retaliatory actions.

37 As a result of Defendants' willful and unlawful conduct Plaintiff and other FLSA Covered Employees have been damaged.

38. Plaintiff, on behalf of herself and the FLSA Covered Employees, seek damages in the amount of the unpaid overtime compensation owing, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and

equitable relief as this Court deems just and proper.

## COUNT II: OKLAHOMA PROTECTION OF LABOR ACT VIOLATIONS

39. The foregoing paragraphs, 1 through 29, and their respective subparagraphs, are incorporated by reference as though set out in full.

40. Defendants are employers as defined in the OPLA, Okla. Stat. tit. 40 §165.1.

41. At all relevant times, Plaintiff was not classified as an exempt employee under the provisions of the OPLA, Okla. Stat. tit. 40 §165.1.

42. Under the OPLA, Okla. Stat. tit. 40 §160, *et seq.,* employers must pay employees all wages, including overtime pay in lawful money of the United States, at least twice each calendar month on regular paydays.

43. Defendants violated the OPLA by failing to compensate Plaintiff, and the class she represents, overtime pay for hours worked in excess of forty (40) hours per week.

44. As a result of Defendants' unlawful conduct, Plaintiff, and the class she represents, have been damaged.

45. Pursuant to OPLA, Okla. Stat. tit. 40 §160, Plaintiff, and the class members she represents, are entitled to recover unpaid wages, plus liquidated damages, costs and attorneys' fees.

## REQUEST FOR RELIEF

Plaintiff, on behalf of herself and others similarly situated, request:

A. Certification of this action under 29 U.S. § 216(b), as it relates to Plaintiff's

claims for violations of the FLSA, and under F.R.C.P. 23(b)(3), as it relates to Plaintiff's claims for violations of the OPLA;

  B. Designation of Plaintiff as the class representative pursuant to Rule 23, and designation of her counsel as Class Counsel;

  C. A declaratory judgment that the practices complained of herein are unlawful and under the FLSA and OPLA;

  D. A finding that Defendants have willfully violated the FLSA and OPLA;

  E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

  F. An award of prejudgment and post-judgment interest, as provided by law;

  G. Such other and further legal and equitable relief as the Court deems necessary, just and proper.

**RESPECTFULLY SUBMITTED THIS 11TH DAY OF DECEMBER, 2015.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA #18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED